EXHIBIT # 1

# SALT LAKE LEGAL DEFENDER ASSOCIATION
*Established in 1965*

**Director**
*F. John Hill*
**Chair**
*D. Gilbert Athay*
**Vice Chair**
*Ronald Coleman*
**Past Chair**
*George W. Latimer*
*Robert Van Sciver*
*Jimi Mitsunaga*

424 EAST 500 SOUTH, Suite 300
SALT LAKE CITY, UTAH 84111
*(801) 532-5444*
*FAX (801) 532-0330*

**Board of Trustees**

*Phillip V. Bernal*
*David M. Bown*
*Gary K. Dalton*
*Dennis C. Ferguson*
*Maria J. Garciaz*
*David T. Lake*
*Erik Luna*
*Theresa Martinez*
*Richard S. Shepherd*

JUNE 12, 2008

JACOB BOLITH
SO# 277993
ADULT DETENTION COMPLEX
3415 SOUTH 900 WEST
SALT LAKE CITY, UT 84119

Case No(s):   071904959FS

You are hereby notified that conflict counsel has been assigned to represent you in the above-mentioned case(s).  Please contact your new attorney at the following address and telephone number:

CLAYTON SIMMS AND PAMELA VICKREY
39 EXCHANGE PLACE, STE 100
SALT LAKE CITY, UT 84111
(801) 359-0404

Your next court hearing is a JURY TRIAL presently scheduled on the 17TH, 18TH AND 19TH day of JUNE, 2008, at the hour of 9:00 A.M. before JUDGE REESE.

Sincerely,

C. BEVAN CORRY
Attorney at Law

JACOB  MUT  BOLITH
USP# 43310,  PRO SE
BEAVER COUNTY JAIL
P.O. BOX 391
BEAVER, UT  84713


IN THE THIRD DISTRICT COURT IN AND FOR SALT LAKE COUNTY
STATE OF UTAH

JACOB MUT BOLITH,                    MOTION  FOR  DEFAULT  JUDGMENT

    PETITIONER,

VS

STATE OF UTAH,                       CASE NO.  0909056600

    RESPONDENT.                      JUDGE    ROBIN W. REESE


COMES NOW THE PETITIONER, JACOB MUT BOLITH, PRO SE,
RESPECTFULLY MOVING THIS HONORABLE COURT TO ENTER A
DEFAULT JUDGEMENT AGAINST RESPONDENT AND SUCH OTHER
RELIEF THE COURT MAY DEEM JUST AND APPROPRIATE.

IN SUPPORT OF THIS MOTION PETITIONER STATES:

1. ON APRIL 6TH, 2009 HE FILED A PETITION FOR POST
CONVICTION RELIEF IN THIS HONORABLE COURT.

2. ON AUGUST 4TH, 2009 THIS HONORABLE COURT ORDERED
COUNSEL FOR RESPONDENT TO FILE A REPLY TO THE PETITION
FILED IN THIS MATTER,

3. UPON INFORMATION AND BELIEF, AS OF SEPTEMBER 5TH, 2009,
COUNSEL FOR RESPONDENTS WILLFULLY NEGLECTED AND INTENTIONAL-
LY REFUSED TO FILE A TIMELY REPLY TO PETITION OR,

MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PETITION.

4. On September 23rd, 2009, Counsel for Respondent filed a "MOTION FOR RELEASE OF RECORD AND TRANSCRIPTS."

5. On November 3rd 2009, Counsel for Respondents files an <u>UNTIMELY</u> "MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PETITION" AND A "MOTION TO DISMISS PETITION FOR POST CONVICTION RELIEF", WITH THIS HONORABLE COURT 2 MONTHS AND 29 DAYS AFTER ITS "ORDER TO REPLY."

6. WITHOUT LEAVE, DUE PROCESS AND EQUAL PROTECTION OF THE LAWS SHOULD INFLUENCE THIS HONORABLE COURT TO DENY RESPONDENT'S MOTIONS AND FURTHERMORE GRANT PETITIONER A DEFAULT JUDGMENT IN THIS MATTER.

WHEREFORE PETITIONER PRAYS THIS HONORABLE COURT WILL ISSUE A DEFAULT JUDGMENT IN THE ABOVE-ENTITLED CAUSE OF ACTION AND ANY OTHER RELIEF THE COURT MAY DEEM JUST AND PROPER.

DATED: 28 FEBRUARY 2010

RESPECTFULLY SUBMITTED

JACOB MUT BOLITH
PETITIONER, PRO SE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 28 FEBRUARY 2010, I MAILED A COPY OF THE FOREGOING " MOTION FOR DEFAULT JUDGMENT " TO:

BRETT J. DEL PORTO (6862)
ASSISTANT ATTORNEY GENERAL
160 EAST 300 SOUTH, 6TH FLOOR
P.O. BOX 140854
SALT LAKE CITY, UT. 84114-0854

JACOB MUT BOLITH
PETITIONER, PRO SE

JACOB MUT BOLITH
USP# 43310 PRO-SE
BEAVER COUNTY JAIL
P.O. BOX 391
BEAVER, UT, 84713


IN THE THIRD DISTRICT COURT IN AND FOR SALT LAKE COUNTY
STATE OF UTAH


JACOB MUT BOLITH,                    RESPONSE TO MOTION FOR
                                     ENLARGEMENT OF TIME TO
    PETITIONER,                      RESPOND TO PETITION AND
                                     MOTION TO DISMISS PETITION.
VS

STATE OF UTAH,                       CASE NO. 090905600

    RESPONDENT.                      JUDGE  ROBIN W. REESE


THE PETITIONER, JACOB MUT BOLITH, PRO-SE, RESPECTFULLY

MOVES THIS HONORABLE COURT FOR AN ORDER DENYING

RESPONDENT'S MOTION FOR ENLARGEMENT OF TIME TO

RESPOND TO PETITION FOR POST CONVICTION RELIEF, AND

MOTION TO DISMISS PETITION FOR POST CONVICTION RELIEF.

AND FURTHERMORE ORDER THAT FACTUAL ALLEGATIONS

EXIST WHICH REQUIRE APPOINTMENT OF COUNSEL TO

REPRESENT PETITIONER AND AN EVIDENTIARY HEARING

IN THE ABOVE-ENTITLED CAUSE OF ACTION.

    IN SUPPORT PETITIONER STATES:

    1. ON AUGUST 4TH 2009 THIS HONORABLE COURT

    DIRECTED RESPONDENT'S COUNSEL TO FILE A REPLY

    TO THE PETITION FILED IN THIS MATTER.


    2 RESPONDENT'S COUNSEL  WILFULLY REFUSED AND

INTENTIONALLY FAILED TO FILE A TIMELY MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PETITION. (SEE COURT RECORD).

3. RESPONDENT'S MOTIONS ARE PROCEDURALLY BARRED BECAUSE THEY COULD HAVE BEEN RAISED THROUGH A TIMELY MOTIONS. ACCORDINGLY, THE MOTIONS SHOULD BE DENIED IN THEIR ENTIRETY WITH PREJUDICE.

WHEREFORE, PETITIONER THIS HONORABLE COURT WILL ENTER ITS ORDER DENYING RESPONDENTS MOTIONS, AND FUTHERMORE ORDER THAT FACTUAL ALLEGATIONS EXIST WHICH REQUIRE APPOINTMENT OF COUNSEL TO REPRESENT PETITIONER AND AN EVIDENTIARY HEARING IN THE ABOVE-ENTITLED CAUSE OF ACTION.


DATED: 16 NOVEMBER, 2009           RESPECTFULLY SUBMITTED


                                   JACOB MUT BOLITH
                                   PETITIONER PRO-SE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 16 NOVEMBER, 2009, I MAILED A COPY OF THE FOREGOING "RESPONSE TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PETITION AND MOTION TO DISMISS PETITION," TO:

BRETT J. DELPORTO (6862)
ASSISTANT ATTORNEY GENERAL
ATTORNEY FOR RESPONDENTS
160 EAST 300 SOUTH, 6TH FLOOR
P.O. BOX 140854
SALT LAKE CITY, UTAH 84114-0854

JACOB MUT BOLITH

USP# 43310 PRO-SE

BEAVER COUNTY JAIL
PO BOX 391
BEAVER, UTAH 84713


IN THE UTAH COURT OF APPEALS

STATE OF UTAH


JACOB MUT BOLITH                          MOTION TO SUPPORT
    APPEALLANT                             FOR AN APPEAL

        VS.                               CASE NO. 090905600

STATE OF UTAH                             APP. CASE NO. 20100834


THE APPEALLANT JACOB M. BOLITH PRO SE,
RESPECTFULLY MOVES THIS HONORABLE COURT TO CONSIDERATION
OF APPEALS MATTER AND FURTHER MORE MAKE A DETERMINATION
IN AS MUCH TO WHETHER FACTUAL ALLEGATION EXIST THAT WILL
REQUIRE AN EVIDENTARY HEARING AND INVOLVING COM-
PLICATED ISSUES OF LAW. FACT THAT REQUEST THE ASSISTANCE
OF COUNSEL FOR PROPER ADJUDICATION. THE DISTRICT COURT
DISMISSING THE POSTCONVICITION RELIEF WITHOUT PUTTING THE
DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW: IN
WHICH THE RESPONDENT RAISES CLAIMS THAT THE VALIDITY
OF THE PETITIONERS PLEA IS PROCEDURALLY BARRED BECAUSE
IT COULD HAVE BEEN VOICED DURING THE CHANGE OF PLEA
HEARING OR THROUGH A TIMELY MOTION TO WITHDRAW THE

PLEA: RESPONDENT ALSO RAISES CLAIMS THAT PETITIONERS INEFFECTIVE ASSISTANCE OF COUNSELOR CLAIMS ARE WITHOUT MERIT FOR THE RECORD IN THE CRIMINAL CASES DEMONSTRATES THE PLEA WAS ENTERED KNOWINGLY AND VOLUNTARY BY JUDGE AND BOTH COUNSEL FIRST AS A COUNSEL APPOINTED TO REPRESENT THE CLIENT: BUT BOTH COUNSEL AND JUDGE HIMSELF REPRESENT THEIR INTEREST: SO THEY BECAME COLLUSION TOWARDS THE ACCUSER LITERALLY CAN NOT UNDERSTAND THE LANGUAGE ITSELF BASED ON THE FOLLOWING ABOUT JUNE 12TH, 2008, ① UPON INFORMATION AND BELIEF CLAYTON SIMMS ESQ. WAS ASSIGNED BY SALT LAKE DEFENDER ASSOCIATION TO REPRESENT THE APPEALANT AS DEFENSE COUNSEL. ② UPON INFORMATION BELIEF CLAYTON AND JUDGE AND PROSECUTION BOTH BECAME BIASSED TOWARD APPEALLANT IN THAT THEY TOOK IT UPON THEMSELF TO HAVE A CHANGE OF PRELIMINARY HEARING SCHEDULED WITHOUT CONSULTING OR INFORMING THE APPEALLANT FOR A CHANGE OF COUNSEL NOR IN AS MUCH APPEALLANT BY EVIDENCE EXHIBIT #I. A JURY TRIAL WAS SCHEDULED FOR JUNE 17TH THROUGH 19TH OF 2008, BUT INDIVIDUAL INFORMED HIM THAT HE WOULD BE TAKEN A PLEA AGREEMENT ON JUNE 16TH, 2008, APPEALLANT INFORMED THE COUNSELOR THAT HE REFUSED TO PLEA GUILTY TO ANY CHARGE AND ASKED THE COUNSELOR IF HE HAD TALKED WITH ANYONE THAT WOULD HAVE PROVIDED TESTIMONY AND EXCULPATORY EVIDENCE FOR HIS DEFENSE. REGARDING HIS CRIMINAL CASE, E. PAGE 3, LINE 23, THROUGH PAGE 4, LINE 4, THE COURT SPEAKS TO APPEALLANT, CLOSING ARGUMENT NOW IS THAT WHAT YOU

UNDERSTAND MR. BOLITH?, (F) PAGE 4, LINE 5, THE APPEALLANT HAS NO VERBAL RESPONSE; HE IS STILL TRYING TO GRASP THE REALITY THAT COUNSELOR SIMMS IS STILL STUBBORNLY ADHEARING TO FORCE A PLEA AGREEMENT IN THIS CRIMINAL CASE. (G) PAGE 4, LINE 9, OUT OF SUBMISSIVE RESPECT FOR THE COURT APPEALLANT CEASES TO OFFER RESISTANCE AND STATES= YES. (H) PAGE 4, LINE 18-19, THE COURT STATES OKAY ARE YOU ACCEPTING THIS AGREEMENT VOLUNTARY. (I) PAGE 4, LINE 21-23, THE COURT ELICITS THE APPEALLANT ONCE AGAIN; MR BOLITH, ARE YOU DOING THIS VOLUNTARILY. (J) PAGE 4, LINE 24, APPEALLANT STATED "NO", I JUST ACCEPT IT. (K) PAGE 4, LINE 25, THE COURT ASKS ONCE AGAIN, ARE YOU DOING IT VOLUNTARILY? (L) PAGE 5, LINE 3, APPEALLANT RESPONDENT TO THE COURT, NO I JUST DO IT, = CLEARLY APPEALLANT RESPONDED NO TO TAKE THE PLEA AGREEMENT VOLUNTARILY BUT NEITHER THE COURT OR COUNSELOR SIMMS WERE CONCERNED AND THE HEARING CONTINUED ON. (M) PAGE 5, LINE 10, THROUGH 17, THE COURT SPEARS TO APPEALLANT AND MR BOLITH IF YOU PLEA GUILTY DO YOU UNDERSTAND THAT? COUNSELOR REFUSED TO RESPOND AND COUNSELOR SIMMS ASKED APPEALLANT IF HE WAS "AN IMMIGRANT" UPON HEARING "YES" FROM APPEALLANT COUNSELOR TOLD APPEALLANT IF YOU DON'T TAKE THE PLEA AGREEMENT YOU WILL BE DEPORTED. APPEALLANT TOLD THE COUNSEL THAT HE IS DOCUMENTED IMMIGRANT, FURTHER SOUGHT TO TALK WITH COUNSELOR ABOUT HIS DEFENSE IN THE JURY TRAIL, BUT COUNSEL ASSUMED AN UNWARRANTED ATTITUDE OF SUPERIORITY AND WALKED AWAY. IT WAS THE TIME

APPEALLANT METED THIS COUNSELOR IT WAS QUITE
OBVIOUS TO APPEALLANT THAT TO COUNSELOR SIMMS
APPEALLANTS INNOCENCE WAS AN INSIGNIFICANT FACT
AND IT WOULD BE POINTLESS TO CONVERSE WITH HIM
FURTHER. AS EVIDENCE BY RESPONDENTS ADDENDUM,
(A) PAGE 2, LINE 21, COUNSELOR SIMMS WAS "NEW COUNSEL ON
THE CASE". (B) PAGE 2, LINE 24-25, COUNSELOR SIMMS LACKING
PROPER SERIOUSESS BEGINS TO PERVERT THE COURSE OF
JUSTICE AND DECEIVES THE COURT WITH AN INTENTIONAL
FALSE STATEMENT STATING " YOUR HONOR WE DO HAVE A
RESOLUTION TO THIS MATTER", WHILE IT MAY HAVE BEEN
HIS RESOLUTION WITH THE STATE IT WAS DELIBERATELY
COUNTER TO APPEALLANTS REQUIREMENT FOR A JURY TRAIL.
(C) PAGE 3, LINE 2, COUNSELOR SIMMS REAFFIRMS HIS STATE-
MENT TO COURT BY STATING "YES". (D) PAGE 3, LINE 4,
ASSISTANT DISTRICT ATTORNEY ROBERT G. NEILL MAKES AN
INTENTIONAL FALSE STATEMENT TO THE COURT, STATING
"I'VE DISCUSSED THIS CASE WITH THE DEFENDENT",
COUNSELOR NEILL HAS NEVER DISCUSSED ANYTHING
WITH THE APPEALLANT. (N) PAGE 5, LINE 18, ASSISTANT
DISTRICT ATTORNEY NEILL STATES YES "SIR" NOT THE
APPEALLANT COUNSELOR SIMMS INTENTIONALLY REFUSED
AND WILLFULLY NEGLECTED TO SPEAK UP ON APPEALLANTS
BEHALF AND THE COURT FAILED TO TAKE NOTICE THAT
THE WRONG PERSON WAS RESPONSE. (O) PAGE 6, LINE 19-20,
THE COURT CONTINUES SPEAKING TO APPEALLANT, DO YOU
HAVE ANY QUESTIONS ABOUT WHAT YOU ARE DOING? (P) PAGE
6, LINE 21, ONCE AGAIN COUNSELOR NEILL HAS RESPONDED

TO THE COURT, NO NOT THE APPEALLANT, AGAIN COUNSELOR SIMMS INTENTIONALLY REFUSED AND WILLY NEGLECTS TO PROVIDE ASCINTILLATED OF THE EFFECTIVE AND COMPETENT ASSISTANCE ON BEHALF OF APPEALLANT: THROUGHOUT RESPONDENTS ADDENDUM "C" EXISTS A PREPONDERENCE OF EVIDENCE THAT APPEALLANTS PLEA AGREEMENT WAS UNKNOWINGLY, WILLINGLY, AND UNINTEL- IGENTLY ENTERED AND FURTHER MORE WITHIN RESPONTENTS ADDENDUM "C" EXISTS A PREPONDERANCE OF EVIDENCE THAT APPEALLANTS COUNSELOR WAS INEFFECTIVE IN HIS REPRESENTATION OF THE APPEALLANT: THE APPEALLANT MAY COLLATERALLY ATTACK A CONVICTION ARISING FROM A GUILTY PLEA ONLY BY SHOWING THAT HIS PLEA WAS ENTERED INVOLUNTARILY OR UN KNOWINGLY " MEDEL VS STATE 2008 UT 32,972 184 P3D 1226". PROFF OF INEFFECT- IVE ASSISTANCE OF COUNSEL MUST BE DEMONSTRABLE REALITY, "STATE VS. PENMAN, 964 P2D 1157, 1162 (UTAH APP 1998), (CITING FERNANDEZ VS. COOK 870 P 2D870 UTAH 1993). FOR THE FOREGOING REASONS THE APPEALLANT HAS MET HIS BURDEN IS SHOWN BY THE COURT RECORDING ITSELF WITHOUT REASONABLE DOUBT THE APPEALLANT. HE WAS CORRECTS INTO ENTERING A PLEA AGREEMENT INVOLUN- TARILY AND THAT HIS COUNSELS REPRESENTATION WAS CONSTITUTIONALLY DEFICIENT. HIS APPEALS SHALL BE GRANTED ACCORDINGLY TO THIS COURT RECORDING. THE DISTRICT COURT OF SALT LAKE, THEIR DISMISSAL OF THE POSTCONVICTION RELIEF SHALL BE DISCLAIM: REGARD ON THE APPEALS IN WHICH THE THIRD DISTRICT COURT JUDGE HAS

GRANTED THE STATE THEIR MOTION TO DISMISSING THE
PETITIONER: FIRST ACCORDINGLY TO THE RULES OF CIVIL
PROCEDURE REGARDING IF THE APPEALLANTS INCARCERATED
THE COURTS CONDUCT THE HEARING AT THE CORRECTIONAL
FACILITY WHERE THE APPEALLANT IS CONFINED. IF THE
COURT CAN NOT AFFORDING A COUNSELOR TO REPRESENTED
THE APPEALLANT: THE COURT SHALL CONDUCT THE PREHEARING
CONFERENCE MAYBE BY MEANS OF TELEPHONE OR VIDEO
CONFERENCE SHALL BE CONFORENCE ON DISPOSITIVE ISSUES,
BUT NEED NOT OTHERWISE BE PRESENCE IN THE COURT
DURING THE PROCEEDING, BUT THE CASE WAS DISPOSITIVE
WITHOUT CONSIDERATION OF THE ANOTHERSIDE TO PROTECTED
THE DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW:

DECLARE BY CONSTITUTION IN DISCUSSING THE COUNSELS
FAILURE TO PROTECT CLIENT HAS IN THIS CASE AMOUNTED
TO RAPE FIRST, ASK FOR MEDICAL RECORDS SECOND. THE
DNA TEST THIS TWO STEEP SHALL BE CLEARILY ANY
ATTORNEY SHOULD KNOW BEFORE TAKEN THE CASE, NOT
ATTORNEY TAKING THE CASE SAME AND ADVISED HIS CLIENT
TO THE PLEA AGREEMENT WITHOUT CONSIDERATION OF THE
EVIDENTARY IN WHICH RAPE CASE UNDER UTAH STATE
LAW. THE DNA TEST ARE POWERFUL EVIDENCE, RAPE IN
CRIMINAL LAW: THE FORCIBLE UNLAWFULLY CARNAL
KNOWLEDGE OF A WOMAN AGAINIST HER WILL: SEEKING
THE STATUTORY RAPE IF IT WAS INDECENT ASSAULT
LAW, A SEXUAL ASSAULT COMMIT BY A MAN OR WOMAN
WHICH DOES NOT AMOUNT TO RAPE WOULD STILL REQUIRE
THE DNA TEST, BUT THE DISTRICT COURT JUDGE BELIEVED

THE ACCUSER IS A FOREIGNER AND A HAVE NO RIGHTS AGAINST
CITIZEN: HAS THE DUE PROCESS OF LAW AND EQUAL
PROTECTION OF LAW, CAUSE THE $5^{R}$ AND $14^{R}$ AMENDMENTS
OF THE CONSTITUTION AND THE UTAH CONSTITUTION TO
PROTECT INDIVIDUAL LIFE LIBERTY AND PROPERTY FROM
UNFAIRNESS DEPRIVATIONS BY THE STATE AND LOCAL
GOVERNMENTS IN ALL PERSONS WITHIN JURISDICATION OF
THE UNITED STATES SHALL HAVE SAME RIGHTS IN EVERY
STATE TO MAKE EQUAL PROTECTIONS OF LAWS AND THE
RIGHTS TO BE FREE FROM INVIDIOUS DISCRIMINATION. THE
RIGHTS TO EARN A LIVING AND FREE FROM INTENTIONALLY
DISCRIMINATION AND THE RIGHTS TO UNFAIR OR UNEQUAL
TREATMENTS OF A CLASS OF PERSONEL BASIS OF RACE COLOR
NATIONAL ORIGINALITY IN WHICH THE DISTRICT COURT
JUDGE INASMUCH HE MENTION THE FLAMBOYANT, NOT ONLY
HE VIOLATED THE CONSTITUTION, HE ALSO VIOLATED MY
CIVIL RIGHTS. THESE ARE PERSONNEL RIGHTS THAT
GURANTEED BY THE CONSTITUTION AND UTAH CONSTTUTION
IN AS MUCH THE COURT DISMISSAL OF THE POSTCONVICTION
RELIEF WITHOUT CONSIDER. THE DUE PROCESS AND EQUAL
PROTECTION OF LAW CAUSE $14^{R}$ AMENDMENT TO THE CON-
STITUTION PROHIBITS STATES FROM DENYING TO ANY
PERSON WITHIN THEIR JURISDICATION EQUAL PROTECTION
OF LAW REGARDING RACE, COLOR, AND NATIONALITY
ORIGINAL INASMUCH THE COURT AND STATE COLLUSIONALLY
MANIPULATED THE RULES OF CIVIL PROCEDURE IN
DISMISSING THE CASE WITHOUT GIVEN THE OPPORTUNITY
TO EVEN APPEAR ON VIDEO OR TELEPHONE AND THE COURT

HAS GIVEN THE STATE TO APPEAR ON VIDEO PROVE BY THE
COURT RECORD, BUT THEY CAN NOT PROVIDE THE VIDEO OR
TELEPHONE TO THE APPEALLANT BECAUSE HIS A FOREIGNER
THAT IS VIOLATION OF THE U.S. CONSTITUTION: WHILE
IMMIGRATION ISSUES CONCERN THE DISTRICT COURT JUDGE,
I AM A DOCUMENTED IMMIGRANT AND UPON IMFORMATION
AND BELIEF: THE 14ᵗᴴ AMENDMENTS TO THE U.S. CONSTITUTION
PROVIDES " NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE
LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW NOR DENY
TO ANY PERSON WITHIN JURISDICATION EQUAL PROTECTION OF
LAW": BUT A PERSON CONVICTED OF A FELONY OFFENSE MAY
FILE AT ANY TIME THE DNA TEST AS VALID IN SCIENTIFIC
FIELD OR OTHERWISE ADMISSIBLE UNDER UTAH LAW: SUB-
SECTION (2) SECTION 53-10-103 OR UNDER SUBSECTION 53-10-407
(4)A 78-35A-2D. THE COURT SHALL CONSIDER ALL THE EVIDENCE
PRESENTED AT THE ORIGINAL TRAIL AT HEARING UNDER
SUBSECTION (7)(b) INCLUDING THE NEW DNA TEST RESULTS.
THE NATURE OF THE MONEY AND JUSTICES REQUIREMENT
THE UTAH COURT OF APPEALS HAS REQUEST THE FILING FEES
MUST PAID BEFORE CONTINUE THE COURT AS I REASONABLE
MENTION THE PAPERWORK I HAVE SENT IN MONTHS AGO IT
VERY ITSELF EXPLANATORY AND HAS NOT EXAGGERATION
IN AS MUCH IT SAID IF THE UTAH COURT OF APPEALS HAS
REASONALLY DISMISSAL THE CASE: THE MATTER OF MONEY
FILING FEES AND MY BEST EXPLANATION IS BE IT OR GO FOR
IT SO THAT I CAN MOVE ON TO ANOTHER COURT THAT WILL
NOT DENY OR DEPRIVE MY INALIENABLE RIGHTS GIVEN BY
CONSTITUTION: THE UTAH COURT OF APPEALS HAVE TO MAKE

THAT DECISION AND ADDITIONAL UPON INFORMATION AND
BELIEF. THE 9TH AMENDMENT SECTION OF THE BILL RIGHT
TO THE CONSTITUTION TO PROTECT PEOPLE THIS CONCERN
REFLECTS A BELIEF INALIENABLE NATURAL HUMAN
RIGHTS IT HAS BEEN CITED SUPREME COURT DECISION.
GRISWOLD VS. CONNECTICUT, ROE VS WADE, DOE VS BOLTON.
THE CONSTITUTIONAL RIGHTS TO PRIVACY VIOLATION: THE
STATE HAS ENGAGED IN UNLAWFUL PRACTICS TO THE
USED OF EVIDENCE. IT CLEAR THE CONSTITUTION OF
BOTH STATES AND FEDERAL LAW, ALL PERSONS WITHIN
JURISDICATION OF THE UNITED STATES SHALL HAVE
SAME RIGHTS IN EVERY STATE AND TERRITORY EQUAL
PROTECTION OF LAW AND EQUAL BENEFIT OF ALL LAWS
AND PROCEEDINGS FOR THE SECURITY OF PERSONS IN-
CLUDED ALL PRIVILEGES OF THE TERMS CONDITIONAL
RIGHTS ARE PROTECTED BY CONSTITUTIONAL: I ASK
THE UTAH COURT OF APPEALS TO THE PROCEDURE: I AM
NOT GOING BACK TO JUDGE REESE TO BEG HIM TO GIVE
ME THE APPOINTMENT OF COUNSEL OR RELIEF UNDER
POST CONVICTION: JUST LION AND GOAT THIS TWO ANIMAL
HAVE NO TOLERATE AND ALSO I ASK THE UTAH COURT
OF APPEAL TO LET JUDGE REESE RECUSANT HIMSELF
FROM PRESIDING MY CASE, BUT NO DISRESPECT TO
JUSTICE REESE JUST VIOLATED MY CIVIL RIGHTS
WHICH HAS GIVEN BY CONSTITUTION: THE JUDGE OR
STATE CAN NOT VIOLATE THE LAW OR PUT AN-
OTHER PERON INJUSTICE OR DEPRIVATION BECAUSE
HE BELIEVES. THE APPEALLANT IS A FOREIGNER, IS

VIOLATION OF CONSTITUTIONS 4th, 5th, 6th, 8th, 9th, 7th, 11th, 13th, AND 14th AMENDMENTS. WHILE THE STATE COURT MAY CONSIDER THE APPEALLANTS AN IMMIGRANT IN THE UNITED STATES, I AM A DOCUMENT IMMIGRANT AND UPON INFORMATION AND BELIEF THE 14th AMENDMENT TO THE U.S. CONSTITUTION PROVIDES "NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE LIBERTY OR PROPERTY WITHOUT THE DUE PROCESS OF LAW NOR DENY TO ANY PERSON WITHIN THEIR JURISDICATION OF THE UNITED STATES EQUAL PROTECTION OF LAWS INCLUDED THE CIVIL RIGHTS PERSONNEL RIGHTS GURANTEE BY BOTH LAWS FEDERAL STATE AND LOCAL GOVERNMENT AND ONE AGAINST I WOULD LIKE TO ASK THE COURT OF APPEALS TO LET JUDGE REESE RECUSANT OR WITHDRAW HIMSELF FROM THE CASE: NO DISRESPECT TO HIS, BUT HE JUST REJECTED THE LAW.

DATED: NOVEMBER 9, 2010

JACOB MUT BOLITH
PRO-SE, APPEALLANT

JACOB MUT BOLITH
USP# 43310 PRO SE
BEAVER COUNTY JAIL
P.O. BOX 591
BEAVER, UTAH 84713

IN THE UTAH COURT OF APPEALS

STATE OF UTAH

JACOB MUT BOLITH                          MOTION OF SUMMARY

PETITIONER AND APPELLANT                  MEMORANDUM AND LIEU

VS.                                       OF BELIEF

STATE OF UTAH

RESPONDENT AND APPELLEE                   CASE NO. 20100834-CA


        I RESPECTFULLY BRING THE FOLLOWING MATTERS TO
YOUR ATTENTION NOT TO DELAY THIS CASE OR PERVERT JUSTICE BUT
TO GUARANTEE THAT MY ARGUMENT WILL BE PRESENTED TO YOU
MORE APPROPRIATELY SO THAT YOU WILL HAVE NO PROBLEM
ARRIVING AT A FAIR AND JUST DECISION. THE MOST RECENT DOCU-
MENTS HAVE BEEN FILED IN THIS CASE HAS A MERIT: WHICH
THE COURT HAS ARGUING THAT THE GROUNDS FOR APPEAL ARE SO
INSUBSTANIAL THAT THEY DO NOT MERIT FURTHER PROCEEDING OR
CONSIDERATION BY THE COURT I RESPECTFULLY MOVE THIS HONOR-
ABLE TO CONSIDERATION OF APPEAL THIS MATTER AND FURTHER
MORE MAKE A DETERMINATION AS TO WHETHER FACTUAL ALL-
EGATION EXIST THAT WILL REQUIRE AN EVIDENTARY HEARING

AND INVOLVING COMPLICATED ISSUES OF LAW OR FACT THAT RE-
QUIRE THE ASSISTANCE OF COUNSEL FOR PROPER ADJUDICATION:
THE COURT HAS RAISE CLAIMS THAT THE VALIDITY GROUNDS OF
APPEAL BASIC RAISES THE INEFFECTIVE ASSISTANT OF COUNSEL
AND THIS MOTION IS BASED ON THE FOLLOWING: (1) ON OR ABOUT
JUNE 12, 2008, UPON INFORMATION AND BELIEF CLAYTON SIMMS ESQ.
WAS ASSIGNED BY THE SALT LAKE DEFENDER ASSOCIATION TO RE-
PRESENT THE APPELLANT AS DEFFENSE COUNSEL. (2) UPON INFORM-
ATION AND BELIEF CLAYTON SIMMS ESQ, WAS BIASSED TOWARD THE
APPELLANT SO THAT BOTH COUNSEL AND THE DISTRICT JUDGE
COLLUSION THEY ARE TOOK IT UPON THEMSELF TO HAVE A CHANGE
OF PLEA HEARING SCHEDULED WITH THE COURT WITHOUT CONSULTING
OR INFORMING THE APPELLANT FIRST. (3). AS EVIDENCE BY THE
APPELLANT EXHIBIT 1, JURY TRIAL WAS SCHEDULED FOR JUNE 17th, 18th,
AND 19th, 2008. (4). ON JUNE 16, 2008, AN INDIVIDUAL PURPORTING TO BE
CLAYTON SIMMS ESQ, APPROACHED THE APPELLANT AND INFORMED HIM
THAT HE WOULD BE TAKING A PLEA AGREEMENT ON THIS DATE. (5). THE
APPELLANT HAS INFORMED SIMMS THAT HE REFUSED TO PLEA GUILTY TO
ANY CHARGE AND ASKED COUNSELOR SIMMS THAT IF HE HAD TALKED
WITH ANYONE THAT WOULD HAVE PROVIDED TESTIMONY AND EX-
CULPATORY EVIDENCE FOR HIS DEFENSE COUNSELOR REFUSED TO
RESPOND. (6). COUNSELOR SIMMS ASKED THE APPELLANT IF HE WAS
"AN IMMIGRANT" UPON HEARING "YES" FROM THE APPELLANT,
COUNSELOR SIMMS TOLD THE APPELLANT IF YOU DON'T TAKE THE
PLEA ARGEEMENT, YOU WILL BE DEPORTED. THE APPELLANT TOLD
COUNSELOR SIMMS THAT HE IS A DOCUMENT IMMIGRANT. (7). THE
APPELLANT FURTHER SOUGHT TO TALK WITH COUNSELOR SIMMS
ABOUT HIS DEFENSE ON THE JURY TRAIL, BUT COUNSELOR ASSUMED

AN UNWARRANT ATTITUDE OF SUPERIORITY AND WALKED AWAY. (8). IT WAS QUITE OBVIOUS TO APPELLANT THAT TO COUNSELOR SIMMS, THE APPELLANT'S INNOCENCE WAS AN INSIGNIFICANT FACT AND IT WOULD BE POINTLESS TO CONVERSE WITH HIM FURTHER. (9). AS EVIDENCED BY RESPONDENT'S ADDENDUM "C", (A) PAGE 2, LINE 21, COUNSELOR SIMMS WAS NEW COUNSEL ON THE CASE. (B) PAGE 2, LINES 24-25, COUNSELOR SIMMS LACKING PROPER SERIOUSNESS BEGINS TO PERVERT THE COURSE OF JUSTICE AND DECIEVE THE COURT WITH AN INTENTIONAL FALSE STATEMENT, "STATING YOUR HONOR," WE DO HAVE A RESOLUTION TO THIS MATTER. WHILE IT MAY HAVE BEEN HIS RESOLUTION WITH THE STATE, IT WAS DELIBERATELY COUNTER TO APPELLANTS REQUIREMENT FOR A JURY TRIAL. (C). PAGE 3, LINE 2, COUNSELOR SIMMS REAFFIRMS HIS STATEMENT TO THE COURT BY STATING "YES". (D). PAGE 3, LINE 4, ASSISTANT DISTRICT ATTORNEY ROBERT G. NEILL, MAKES AN INTEN- IONAL FALSE STATEMENT TO THE COURT STATING, "I'VE DISCUSSED THIS CASE WITH THE DEFENDENT," COUNSELOR NEILL HAS NEVER DISCUSSED ANYTHING WITH THE APPELLANT REGARDING HIS CRIMMINAL CASE. (E). PAGE 3, LINE 23, THROUGH PAGE 4, LINE 4, THE COURT SPEAKS TO THE APPELLANT CLOSING WITH NOW IS THAT WHAT YOU UNDERSTAND MR. BOLITH. (F) PAGE 4, LINE 5, THE APPELLANT HAS NO VERBAL RESPONSE TO THE COURT. HE IS STILL TRYING TO GRASP THE REALITY THAT COUNSELOR SIMMS IS STILL STUBBORNLY ADHEARING TO FORCE A PLEA ARGUE- MENT IN THIS CRIMINAL CASE. (G). PAGE 4, LINE 9, OUT OF SUBMISSIVE RESPECT FOR THE COURT THE APPELLANT CEASES TO OFFER THE RESISTANCE AND STATES "YES". (H). PAGE 4, LINE 18-19, THE COURT STATES OKAY, ARE YOU ACCEPTING THIS

AGREEMENT VOLUNTARILY. THE APPELLANT HAS NO VERBAL RE-
SPONSE TO THE COURT. (I). PAGE 4, LINES 21-23, THE COURT
ELICITS THE APPELLANT ONCE AGAIN, MR. BOLITH, ARE YOU DOING
THIS VOLUNTARILY, THE APPELLANT HAS NO VERBAL RESPONSE TO
THE COURT YET. (J). PAGE 4, LINE 24, THE APPELLANT HAS RESPONSE
TO THE COURT "I ACCEPT IT". (K). PAGE 4, LINE 25, THE COURT
ASKS ONCE AGAIN, ARE YOU DOING IT VOLUNTARILY. (L). PAGE 5,
LINE 3, THE APPELLANT RESPONDS TO THE COURT, "NO" I JUST
DO IT. CLEARING THE APPELLANT HAS RESPONDED "NO" TO
TAKING THE PLEA AGREEMENT VOLUNTARILY, BUT NEITHER THE
COURT OR COUNSELOR SIMMS WERE CONCERNED AND THE HEARING
CONTINUED ON. (M) PAGE 5, LINES 10-17, THE COURT SPEAKS TO THE
APPELLANT MR BOLITH, IF YOU PLEA GUILTY TODAY, DO YOU UNDER-
STAND THAT. (N) PAGE 5, LINE 18, THE ASSISTANT DISTRICT ATTORNEY
NEILL STATES "YES" SIR, NOT THE APPELLANT, AND COUNSELOR
SIMMS INTENTIONALLY REFUSED AND WILLFULLY NEGLECTED TO
SPEAK UP ON THE APPELLANTS BEHALF AND THE COURT FAILED
TO TAKE NOTICE THAT THE WRONG PERSON WAS RESPONDING.
(O). PAGE 6, LINES 19-20, THE COURT CONTINUES SPEAKING TO THE
APPELLANT, DO YOU HAVE ANY QUESTION ABOUT WHAT YOU ARE
DOING. (P). PAGE 6, LINE 21, ONCE AGAIN COUNSELOR ROBERT NEILL,
RESPONDS TO THE COURT STATING "NO", NOT THE APPELLANT.
AGAIN COUNSELOR SIMMS INTENTIONALLY REFUSED AND WILLFULLY
NEGLECTS TO PROVIDE A SCINTILIA OF THE EFFECTIVE AND
COMPETENT ASSISTANCE ON BEHALF OF THE APPELLANT THROUGH-
OUT RESPONDENTS ADDENDUM "C" EXISTS. A PREPONDERENCE
OF EVIDENCE THAT APPELLANTS PLEA AGREEMENT WAS UNKNOWN-
INGLY, UNWILLINGLY, AND UNINTELLIGENTLY ENTERED AND FURTHER

MORE WITHIN RESPONDENTS ADDENDUM "C" EXIST A PREPON-
DERANCE OF EVIDENCE THAT THE APPELLANTS COUNSELOR WAS
INEFFECTIVE IN HIS REPRESENTATION OF THE APPELLANT MAY
COLLATERALLY ATTACK A CONVICTION A RISING FROM A GUILTY
PLEA ONLY BY SHOWING THAT HIS PLEA WAS ENTERED INVOL-
UNTARILY OR UNKNOWINGLY. THE STUART VS STATE 2009 UTAH
APPEAL 267, MEDAL VS STATE 2008 UTAH 32, 912-184 P30 122B,
PROOF OF INEFFECTIVE ASSISTANCE OF COUNSEL MUST BE
DEMONSTRABLE REALITY. STATE VS. PENMAN, 964 P20 1157, 1162,
( UTAH APP 1998) CITING FERNANDEZ VS. COOK 870, P20, 870,
877 (UTAH APP 1993), FOR THE FORE GOING REASONS THE APPELLANT
HAS MET HIS BURDEN TO SHOW THAT HE WAS CORRECT INTO
ENTERING A PLEA AGREEMENT INVOLUNTARILY AND THAT HIS
COUNSEL'S REPRESENTATION WAS CONSTITUTIONALLY DEFICIENT
HIS APPEAL PETITION SHALL BE GRANTED AND THE COURT
OF APPEALS HAS RAISE CLAIMS THAT THE APPELLANT HAS NOT
MERIT BASED ON THE STATEMENT UPON INFORMATION AND
BELIEF THE POST CONVICTION RELIEF WAS DISMISS REASONALLY.
I WAS UNABLE TO PAY THE TRANSPORTATION FROM PRISON NOT
BECAUSE THE APPELLANT HAS NO MERIT AT THE MOVEMENT.
I DONT NEED POLARING OR MUSTERBATION IN WHICH THE
RESPONDENT WAS DIRECTED BY THE COURT ON AUGUST 4, 2009,
TO FILE A REPLY TO THE PETITIONER FILED IN THIS MATTER
UPON IMFORMATION AND BELIEF. THE RULES OF CIVIL PRO-
CEDURES PROVIDE THAT UPON ISSUANCE OF AN ORDER TO SHOW
CAUSE BY THE COURT A PARTY MUST FILE AN ANSWER WITHIN
(30) DAYS UPON RECIEPT OF SAID ORDER ACCORD TO THE RULES
(5)(B). THE RECORD CLEARLY INDICATED THE RESPONDENT INTENTIONALLY

REFUSED AND WILLFULLY NEGLECTED THE COURT ORDERING.
(A) FILING AN ANSWER BY SEPTEMBER 4, 2009. (B) FILING AN
ANSWER BY OCTOBER 4, 2009. (C) FILING AN ANSWER BY NOVEMBER
4", 2009. THE RECORD FURTHER MORE INDICATES THAT RESPONDENT
INTENTIONALLY REFUSED AND WILLFULLY NEGLECT TO DE-
FEND THEIR POSITION IN THIS CAUSE OF ACTION BY (A)
FILING A TIMELY ANSWER OR (B) FILING A TIMELY MOTION
FOR ENLARGMENT OF TIME ON MARCH 5, 2010,. THE COURT
HAS ENTERED A NOTE PROVIDING THAT THE MOTION TO DIS-
MISS THE PETITION FOR POST CONVICTION RELIEF WOULD NOT
BE SET FOR HEARING UNTIL IT WAS SUBMITTED FOR
DECISION. THE RECORD INDICATES ON NOVEMBER 13, 2009,
IT IS THE RESPONDENTS INTENTION TO MANIPULATE THE
COURT BEYOND THE SCOPE OF THE RULES OF CIVIL PROCEDURE
BY: (A) FILING AN UNTIMELY MOTION FOR ENLARGMENT OF
TIME TO RESPONDENT TO THE PETITION OR (B) FILING A
TIMELY ANSWER AND (C) DISGUSING THE RESPONDENTS
ANSWER IN THE FORM OF A MOTION TO DISMISS THE PETITION
FOR POST CONVICTION RELIEF ON NOVEMBER 19, 2009. THE
APPELLANT HAS FILED WITH THE COURT A RESPONSE TO
RESPONDENTS MOTION FOR ENLARGMENT OF TIME AND MOTION
TO DISMISS THE PETITION UPON INFORMATION AND BELIEF, THE
COURT HAS BEEN STRUGGLING WITH THE NOTION OF WHETHER
IT WOULD CONSIDER AND RULES ON SAID MOTIONS FOR IT BE-
LIEVES THAT IT LACKS JURISDICATION BECAUSE THEY WERE
UNTIMELY FILED, THE VIOLATION OF DUE PROCESS OF LAW
AND EQUAL PROTECTION OF LAW CAUSE 5TH AND 14TH AMEND-
MENT OR THE UTAH COURT OF APPEAL MIGHT SAID THE

APPELLANTS A FOREIGNER INASMUCH. THE DISTRICT JUDGE HAS MENTION IN PREVIOUS PRELIMINARY HEARING ON MARCH 3, 2010. THE APPELLANT HAS FILED A MOTION FOR DEFAULT JUDGEMENT ON MARCH 5, 2010. THE DISTRICT COURT HAS DENY THE APPELLANTS MOTION FOR DEFAULT JUDGEMENT UPON INFORMATION AND BELIEF WHERE NO TIMELY MOTION FOR ENLARGMENT OF TIME OR MOTION TO DISMISS IS FILED WITH THE TRIAL COURT. THIS COURT LACKS JURISDICATION TO CONSIDER RESPONDENTS MOTION AND RESPONDENTS RIGHT TO DEFEND THIS CAUSE OF ACTION IS EXTINGUISHED OR MAY THE UTAH COURT OF APPEALS MAY SAID THE DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW DOES NOT WORKING FOR THE APPELLANT INASMUCH. THE DISTRICT COURT JUDGE HAS MENTION IN WHICH THE APPELLANT IS RIGHT AND HIS CIVIL RIGHT HAS BEEN GUARNTEES BY THE CONSTITUTION INCLUDED 11th AMENDMENT. THE CITIZENS OF ONE STATE OR FOREIGNER SUBJECTS FROM BRINGING A SUIT IN FEDERAL COURT AGAINST THE GOVERNMENT OF ANOTHER STATE UNLESS THAT STATES CONSENTS IT ALSO APPLIES TO CITIZENS OF A STATE BRINGING SUITS AGAINST THEIR OWN STATE. IT MAY NOT BE USEDFULLY BY STATE OFFICER TO PROTECT AGAINST SUIT BASED ON INDIVIDUAL PERFORMANCE UPON INFORMATION AND BELIEF MOTIONS FILED WITH COURT ON NOVEMBER 13, 2009., AND NOT CONSIDERATION OR RULE ON WITHIN THIRTY (30) DAYS RULES OF CIVIL PROCEDURE PROVIDE THAT SAID THE MOTION ARE DEEMED TO BE DENY. THE APPELLANT HAS RECEIVED TWO LETTERS FROM THE UTAH COURT OF APPEALS ONE HAS BEEN DATED NOVEMBER 23, 2010, AND THE OTHER HAS A DATE OF NOVEMBER

26 & 29, 2010, IN WHICH HAS ASKING FOR DOCKET STATE-MENT AND OTHER ASKING FOR SUMMARY DISMISSAL ON THE BASIS THAT THE GROUNDS FOR APPEAL ARE SO INSUB-STANTIAL: Please BE ADVISED AND BE AWARE THAT THE Post Concidition Relief WAS DISMISSED NOT BECAUSE INSUBSTANIAL OR NOT ENOUGH EVIDENCE TO SUPPORT THE APPELLANTS PETITION, BUT THE APPELLANT WAS REQUEST-ED TO PAY THE TRANSPORTATION FEE. THE DISTRICT TRIAL COURT JUDGE WHICH WAS THE ESCAPE GOAL ON THE PREVIOUS PETITION ANY ANTAGONISTIC PRECIPTION THE COURT MAY INITIATE NOT BECAUSE THE APPELLANTS APPEAL HAVE NO MERIT: THE RECORD WILL PROVE INEFFECTIVE ASSISTANCE OF COUNSEL WILL BASED ON THEIR OPINION AND INTER-PRETATION: THIS CASE HAS ALSO VIOLATED THE APPELLANTS CIVIL RIGHT THAT GUARANTEES BY THE U.S. CONSTITUTION LAW INCLUDING THE RIGHT TO BE FROM INVIDIOUS DISCRIM-INNATION UNFAIR OR UNEQUAL TREATMENT OF CLASS OF PERSONS NATIONALITY, ORIGINAL COLOR RACE, RELIGION OR NATIONAL ORIGINAL.

DATED THIS DAY 2 DECEMBER 2010        RESPECTFULLY SUBMITTED:

JACOB NUT BOLITH

APPELLANT, PRO-SE

JACOB mut BOLiTH #43310

UTAH STATE PRiSONER HOUSiNG

SANPETE COUNTY JAi PO BOX 130

MANTi UTAH 84642

IN THE SUPREME COURT for

STATE OF UTAH

JACOB mut BOLiTH

PETiTiONER / APPELLATE

US

STATE OF UTAH

DEFENDANT / RESPONDENT

MOTiON TO EXONERATiON

OF EXiSTANCE EViDENCE

TRiAL CASE NO 090905600

APP CASE NO 20100834-CA

SUPREME COURT CASE NO 20110151-SC

THE PETiTiONER JACOB m BOLiTH RESPECTFULLY HAS BRiEF THE UTAH
SUPREME COURT BASSED ON THE FOLLOW ISSUe THE WORD FOREiGNER
WAS DiSTRiCT JUDGE S CODiFiCATiON OF DiSTRiCT HAS CONTRADiCTED
THE APPELLATE BELiEVE THAT BELEOTARLY BEGiN CAILED A FOREiGNER BY THE
DiSTRiCT JUDGE HAS PLAY A ROLE ON THE CONViCTiON AND HAVING
INEFFECTiVE ASSiSTANCE OF THE SUBSTiTUTED COUNSELOR THE QUESTiON
STiLL REMIND TO THE UTAH SUPREME COURT TO RESUIT THE ISSUes
AND THiS CASE HAVE BEEN A PAiN ON MY EXiSTANCE LiFE OR MAYBE THE UTAH
STATE LAW MAY SAiD iT ALLOWED THE JUDGE MUST BE ALLOWED TO
SAY ANY WORD OF THOSE OF WORD: THE APPELLATE NOT SO SURE ABOUT
THE STATE LAW THE APPELLATE MAY NOT CONCEDER THE CASE UNTiL iT
CLARiFY BY THE FEDERAL LAW PERHAP: OTHER HAND THE APPELLATE HAVE
NO LAW RESOURRACE OF THE RULE AND DiD NOT ASH THE DiSTRiCT
TO BEGiN SELF-REPRESENTATiON OR PROSE iT DiSTRiCT JUDGE HAS
REFUSED STiLL BELiEVES THE PETiTiONER S FOREiGNER THE APPELLATE

ON THE COURT RECORD TO HAVE SUBSTITUTE COUNSELOR AND ADDITIONAL
INFORMATION THE APPELLAT EVENTUALLY NOT UNDERSTANDING THE ENGLISH
LANGUAGE ITSELF UPON INFORMATION AND BELIEF THE DISTRICT JUDGE
HAS CONTRADICTED HIMSELF HAVE IMMEDIATELY'S FELLOW THE STATE PROSE-
UTED AND HAVING INEFFECTIVE ASSISTANCE OF COUNSEL COME INTO EFFORT
OF THE CHANGE OF TONE HAS FORTHWITH; THE DISTRICT JUDGE'S WORD
HAVE COLLABORATION WITH THE STATE PROSECUTION AND THE DEFENSE COUNSEL
SHOULD BE SUBJECTED TO INVESTIGATED THE CASE FOR SOMEBODY HAS BEEN'S
CLASSIFICATION BY THE DISTRICT JUDGE HAS FOREIGNER THE APPELLATE'S
NOT TRY TO GLORIFY THAT SHOULD BE EXECEPTED BY THE SUPREME COURT
THE APPELLATE HARDLY WANT TO KNOW THE CONCEPTION OF THE LAW
OR DID THE DISTRICT COURT HAS COMMIT THE CONSPIRACY THEORY THAT
THE CONSTITUTION VIOLATION; THE FILED THIS RULE SHALL GGOVERN THE PROCEEDING
IN ALL PETITIONER FOR POSTCONVICTION RELIEF UNDER UTAH CODE ANN: 18-35A-
101 ET SEQ THE COURT HAS ORDER THE RESPONDENT SHALL ANSWER OR OTHER
RESPONDENT WITHIN 30 DAYS IN ACCORDINGLY WITH RULE (5)(B) THE RULES OF
THE CIVIL PROCEDURE; THE PRESENT OF THE PETITIONER AT THE EVIDENTARY HEARING
THE PETITIONER SHALL BE PRESENT AT THE HEARINGS IF THE PETITIONER HAS REPRESEN'
BY COUNSEL IF NOT; THE PREHEARING CONFERENCE IF THE PETITIONER IS NOT REPRES
ENTED BY COUNSEL; THE PREHEARING CONFERENCE MAY BE CONDUCTED BY MEANS
OF THE TELEPHONE OR VIDEO CONFERENCE; THE PETITIONER SHALL BE PRESENTED
BEFORE THE COURT AT THE HEARING ON THE DISPOSITIVE ISSUES NEITHER THE
DISTRICT COURT HAS FULFILLED THE RULES OF CIVIL PROCEDURE; BUT NEED NOT
OTHERWISE BE PRESENT IN THE COURT WERE LAW DEMAND BY STATUTE DURING
THE PROCEEDING; THE COURT MAY CONDUCT ANY HEARING AT THE CORRECTIONAL
FACITITY WHERE THE PETITIONER HAS CONFINE NEITHER THE DISTRICT COURT
HAS FAILED TO CONSIDER THE HEARING CONFERENCE OR VIDEO AND TELEPHONE
BOTH; THE COST OF THE PROCEDURE HAS ALLOWED UNDER RULES 5(C)
TO ANY PARTY AS IT DEEMS APPROPRIATELY; IF THE PETITIONER & INDIGENT

ENTITY THAT PROSECUTED THE PETITIONER: IF THE PETITIONER'S IN CUSTODY OF THE CORRECTIONAL DEPARTMENT CORRECTIONS SECTION 64-13-23 AND SECTIONS 78-7-36 THROUGH 78-7-43 GOVERN THE MANNER: THIS RULES ARE THAT ISSUES BY THE APPROPRIATE LEGISLATURE GOVERNMENT AND UNITED STATES CONSTITUTION NOT INDIVIDUAL REINFORCEMENT OR NOT THE COURT CAN ACCORDINGLY HAVE NOT REINFORCE BY THE COURT JUDGE UNLESS THE APPROPRIATE LEGISLATION: AND THE CONSTITUTION CAN NOT UPLIFT BY COURT OR FIRM IF THE UTAH STATE LAW HAS LEGISLATE THIS LAW THE APPELLATE WOULD LIKE TO KNOW OR OTHERWISE SHOULD BE INFORM IF THE LAW HAS CHANGE: THE DISMISSAL OF THE PETITION WAS DECLARE WITHOUT BEGIN CONSIDER OR DESERVED THE OPPORTUNITY TO HAVING'S VOICE HEARD TO APPEAR ON VIDEO OR TELEPHONE INDEED THE APPELLATE HAS BEEN CONSIDER FOREIGNER: THE QUESTION REMAIN TO THE SUPREME COURT OF THE STATE OF UTAH SHOULD ANY IMMIGRANT COULD BE SUBJECTED TO THE CRIME OR LINK TOO BASSED ON THEIR NATIONAL ORIGINAL WITHOUT THE LAW: THAT HAS DEMONSTRATE THAT THE VIOLATION OF CIVIL PROCEDURE: THE TRIAL COURT HAS VIOLATION OF THE DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW: HOWEVER THE DISTRICT COURT JUDGE SHALL NOT ASSUMED THAT THE PETITIONER OR DEFEND'S ABSENCE WAS THE PURPOSED TO GRANT THE STATE THEIR MOTION THAT WAS UNTIMELY FILED: WHILE KNOWING THE PETITIONER HAS BEEN SENT TO PRISONER AND PROCEDURE WITHOUT AFFORDING THE PETITIONER A COUNSEL TO REPRESENTED THE INCARCERATED PETITIONER THAT GAVE THE STATE PROSECUTOR THE OPPORTUNITY TO ARGUE THE CASE BY HIMSELF THAT MEANS THE LAWS DOES NOT OR ELABORATE WITH THE APPELLATE APPARENTLY'S FOREIGNER ACCORD TO THE DISTRICT COURT HAS LEAVE STATE PROSECUTION THE PERMISSION TO PROCEDURE FREELY WITHOUT CONSIDERATION OF THE PETITION OR OTHERSIDE THE OPPORTUNITY TO APPEAR IN PERSON OR BY COUNSEL OR OTHERWISE SHOULD BE CONSIDER DURING HEARINGS THAT WAS THE SUBREPTION AND HARSH PERVERT THE CAUSE OF JUSTICE

STUART V5 STATE 2009 UTAH APPEAL 267 THE UTAH RULES OF
CIVIL PROCEDURE ON THE POSTCONVICTION RELIEF UPON INFORMATION
AND BELIEF THE CIVIL AND CRIMINAL PROCEDURE BOTH NATURE
GOVERN BY THE CONSTITUTIONAL OF THE UNITED STATES EVEN IN THE
SUITS AGAINST GOVERNMENT OR STATE: THE ACCUSER SHALL HAVE
RIGHT AND THE PRIVILEGED SET FORTH AND THE RESTRICTION OF THE
JUDICAL POWER UNDER STATE OR THE UNITED STATES' SHALL NOT
BE CONSTRUCTED TO EXTEND TO ANY SUIT THAT HAS BROUGHT
TO THE UNITED STATES DISTRICT COURT LAW OR THE EQUITY COMMENCED
AND PROSECUTED AGAINST ONE OF THE UNITED STATES BY CITIZENS OF
ANOTHER STATE OR THE SUBJECT OF ANY FOREIGNER FROM BRINGING
SUIT IN THE FEDERAL COURT ON THEIR OWN STATE IT MAY NOT BE
USEFUL BY THE STATE OFFICER TO PROTECTES AGAIN SUIT BASSED
ON INDIVIDUAL PERFORMANCE THE ELEVENTH AMENDMENT: THE STATE AND
DISTRICT COURT HAVE DID THAT DENY THE POSTCONVICTION RELIEF
AND HAS REQUIRED INCARCERATED PETITION TO PAID THE TRANSPORTATION
FEES AND REFUSSAL TO THE COUNSEL TO REPRESENT THAT UNCONSTIT-
UTIONAL LAW: THE CIVIL PROCEDURE GOVERN BY LAW AND APPROPRIATE
LEGISLATE BY CONGRESS OR GENERAL COUNSEL SESSION OF UNITED
STATES: NOT SHALL DEPRIVED BY STATE OR A BRIDING INDIVIDUAL RIGHT
NOR OR TO ENFORCE LAW THAT DENYING DUE PROCESS OF LAW AND
EQUAL PROTECTION OF LAW WHICH DISTRICT COURT HAS ABSOLUTELY
ABANDON BASSIC ON THE PERCEPTION FOREIGNER WHICH THE APPELLATES
RIGHT ARE PROTECT REGARDING THE RULES OF THE COMMON LAW THAT
HAS PROVIDE THE RIGHT TO EQUAL PROTECTION OF LAW AND EQUAL JUSTICE
THAT THE CONSTITUTION HAVE ESTABLISH BY CONSTITUTIONAL LAWS
AND THE GENERAL LEGISLATURE OF THE UNITED STATES: THE QUESTION
ABOUT THE EVIDENCE STILL UNANSWER BY THE DISTRICT

WITHOUT THE EVIDENCE THAT HAS LINK TO THE CRIME: THE APPELLATE HAS RAISE
DURING THE PRELIMINARY HEARING AND THE CHARGE ALGAINST HIM THAT HAS BEEN DENY
BY TRIAL COURT OR DISTRICT JUDGE: THE APPELLATE HAS RAISE THE EXCLUSIONARY
RULES THAT SAID ILLEGAL SEIZE OF THE EVIDENCE HAS BE EXCLUDED FROM PREVIOUS
TRIAL COURT RECORD IN THE PURSUE OF THE POSTCONVICTION RELIEF HAS DISTRICT JUDGE
HAVE SAID THE PETITIONER HAS NO RIGHT UNDER UTAH LAW THAT IT WAS MENTION
ON MULTIPLE PRELIMINARY HEARING WITH THE DISTRICT JUSTICE COURT OF SALT LAKE
THE APPELLATE HAS NO RIGHT ALGAINST CITIZENS THAT WAS THE DEFINITION TO COUNSEL
CORRY BY THE DISTRICT JUDGE WHICH COUNSEL CORRY HAS ASK THE DISTRICT THAT
THE APPELLATE HAVE A RIGHT TO FACE 5 ACCUSER: WHICH THE DISTRICT JUDGE'S ANSWER
WAS NOTHING WOULD BE DONE ABOUT IT AND ALSO THE PETITIONER 5 FOREIGNER
ACCORDINGLY TO THE DISTRICT TRIAL COURT JUDGE TO COUNSEL CORRY AND COUNSEL
CORRY 5 ANSWER WAS HE'S GOING TO THE U 5 DISTRICT COURT: WHICH DISTRICT
JUDGE HAS AGREE TO ARRANGE THE MEETING OUTSIDE THE COURTROOM THAT WAS MARCH-
27 OR 28 - 2008 ON MAY 9 - 2008 THE APPELLATE WAS TRANSPORTED FROM SALT LAKE
COUNTY JAIL TO FACE 5 ACCUSER THAT DEMONSTRATE THE APPELLATE HAS BEEN
SUBJECTED TO THE INAPPROPRIATE ARRANGEMENT HAS WELL: THE APPELLATE
RESPECTFULLY HAS BRIEF TO THE UTAH SUPREME COURT ON THE FOLLOWING
MATTER TO THEIR ATTENTION: NOT REASONABLE DOUBT TO DELAY THIS CASE OR
THE PERVERT JUSTICE THAT EVERY WORD THAT HAS BEEN DESCRIPTIVE HERE
ARE TRUTHFUL HAPPEN EVEN IF THE SUPREME COURT MAY NOT CONSIDER THE
STATEMENT THE APPELLATE HAS PLEDGE THAT THE SUPREME COURT MAY CONTACT
COUNSEL CORRY WAS DEFENSE COUNSELOR HAS ASSIGN BY SALT LAKE
DEFENDANT ASSOCIATION WHICH THE APPELLATE HAS BEEN WONDER DID THE
DISTRICT COURT HAS REASONELY PLAN THIS MALICIOUS ACCUSATION AND KNOWING
THAT WERE WAS ACTUAL CRIME WAS COMMITTED BY THE DEFENDANT
AND WHO IS BEHIND THE SCOPE OF THE CHARGE IF THE DISTRICT COURT
CAN NOT IDENTIFY THE CRIME AND FOR WHAT PURPOSELY THE APPELLATE 5
FOREIGNER STATUS HAS BECAME THE SUSPECT BASSED ON 5 NATIONALITY
WHICH THE DISTRICT COURT JUDGE HAS SUBSCRIPTION WITH OUT THE

THE QUESTION TO THE UTAH SUPREME COURT WHY THE DISTRICT COURT HAS BELIEVE HEARSAY WITNESSE IF THE CRIME WAS EXACTLY HAS BEEN COMMIT BY THE DEFENDANT! IF THERE IS CRIME THAT THE APPELLATE HAS COMMIT WHERE ARE MEDICAL EXAMINATION OR THE HOSPITAL EMERGENCY REPORT AND THE MEDICAL RECORD REPORT OR THE DNA TEST THE APPELLATE HAS BECAME THE CRIME SUSPECT BASSED ON DISTRICT JUDGES SUBSCRIPTION THE FOREIGNER WORD HAS ANNIHILATE THE APPELLATE AND THE VIOLATION OF THE UNITED STATES CONSTITUTION AND UTAH CONSTITUTION WHICH THE APPELLATE MAY NOT BE SURE ENTIRETY ON THE UTAH STATE LAW; THE APPELLATE HAS PLAN THIS CASE EVEN IF THE UTAH SUPREME COURT HAS REASONELY REJECT THE WRIT OF CERTIORARI WHICH THE APPELLATE MAY NOT BE THE FINAL STOP THE NEXT TRIP MAY BE THE FEDERAL COURTHOUSES: THE APPELLATES PLEDGE THAT MIGHTILY CONSIDER THE RIGHT DIRECTION TO LEAN TOO IF SUPREME COURT HAS DENY THE WRIT CERTIORARI THE APPELLATE BELIEVES CONVICTION WAS CRUEL INTENTION IF THE UTAH STATE LAW HAS REASONELY VALUES THEM HAS AN NON EXIST BASSED ON THEIR NATIONALITY ORIGINAL: THE SUPREME COURT MAY DECIDED IF THE SUBJECT FOREIGNER COUNTARY HAS DESERVE THE RIGHT TO BE HEARD ACCORDINGLY TO THE LAW REQUIREMENTS IF THEY CAN NOT BE DEPRIVED BASSED ON THEIR EXTRAORDINARY NATIONAL ORIGINATE WHICH THE APPELLATE HAS NOTHING TO SAID ABOUT IT: UPON INFORMATION AND BELIEF THE SUPREME COURT ON THEIR DECISION TO DECID THE STATUTORY PROVISION THAT CONTROLING THE ISSUES AS THE CONSTITUTION OF THE UNITED STATES HAS DEMONSTRATE DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW: WHICH THE QUESTION TO THE UTAH SUPREME COURT SHOULD THE UTAH STATE HAVE THEIR OWN LAW OR THE STATE OF UTAH HAS SAME LAW HAS EVERY STATE OF UNITED STATES AND MAKE NOT MISUNDER-STOOD THE APPELLATE HAS REASONABLE STATEMENT NOT ACCUSER ANY ONE THAT HAS ASSOCIATE WITH THE CASE: JUST THE TERM OF LAW INTERPRETATION HAS BEEN PURPOSELY TRANGRESSION CONCEALMENT BY THE DISTRICT COURT

WAS INEFFECTIVE ASSISTANT OF THE COUNSEL HAVE HIM NOT REQUESTING
TO INVESTIGATE THE CRIME OR MEDICAL REPORT AND MEDICAL RECORD AND MEDICAL
EMERGENCY HOSPITAL REPORT AND MEDICAL EXAMINER AND THE DNA TEST WHICH
THE APPELLATE HAVE REQUEST ON THE PREVIOUS PRELIMINARY HEARING WITH THE
DISTRICT TRIAL COURT TO THE BELIEVE THAT THE DEFENSE COUNSEL HAS BEEN WORK-
ING WITH THE PROSECUTED ATTORNEY AN ORDER TO OBTAINED THE GUILTY PLEA WITH-
OUT THE CONSIDERATION OF THE EVIDENCE HAVE LEAD TO THE ARREST OF THE APPELLATE
INASMUCH THE DISTRICT TRIAL COURT JUDGE HAVE APPEAR THAT SAID FOREIGNER
MAY SEEM COULD BE CONSIDER LIKE MODERN SLAVERY DAYS LAW HAS APPEAR
STILL TRY BEGIN SUBSCRIPTIVE BY COURT HAS FOREIGNER THAT MAY LEAD TO THE
CONVICTION OF THE APPELLATE HAVE CONSIDER THE WORD FOREIGNER MAY HAVE
LEAN TO THE INAPPROPRIATE DEPRIVATION THAT MAY NOT MEANS TO HIM HIM
DEPRIVED FROM THE INALIENABLE RIGHT THAT THE CONSTITUTION OF THE UNITED
STATES HAS GIVEN HIM THE APPELLATE HAVE RECEIVE A LETTER FROM APPEAL COURT
WHICH HAVE DISMISSAL THE CASE BACK ON 20-JANUARY 2011 HAVE STATEMENT
SAID THE DOCKET STATEMENT HAS BEEN FORWARDED TO THEM AND ASKING FOR
SUMMARY DISPOSITION UPON INFORMATION AND BRIEF THE APPELLATE HAS NOT
SEND ANY DOCUMENTS TO THE APPEAL COURT NOT A SINGLE ONE DOCUMENTS
WAS SEND TO APPEAL COURT; THE APPELLATE HAS FILE WITH THE SUPREME
COURT THE PETITION FOR WRIT CERTIORARI THE APPEAL COURT HAS ORIGINAL
DISMISS THIS CASE NOTABLE BUT TWICE BY THE FOLLOW JUDGES JAMES-Z-
DAVIS PRESIDING JUDGE: CAROLYN·B· MCHUGH THE ASSOCIATE PRESIDING
JUDGE AND WILLIAM·A· THORNE JR JUDGE UPON INFORMATION AND BRIEF
THE APPEAL COURT BELIEVE AND SAID THEY AFFIRM THE DISMISSAL OF THE POST-
CONVICTION RELIEF PETITION AND HAS CERTIFICATION BY BOTH JUDGES ON THEIR
SIGNATORY WHICH THE APPELLATE HAS NOT INTEND TO PETITION THE APPEAL COURT
ONLY SUPREME COURT PETITION FOR WRIT CERTIORARI NOT WAY THE APPELLATE
OR REASON SHOULD CAME BACK TO THE APPEAL COURT WHOM ALREADY
HAS REJECT THE APPEAL UPON INFORMATION AND BRIEF THE APPEAL COURT
HAS REFUSED THE POSTCONVICTION RELIEF PETITION WHICH THE APPELLATE

AND APPARENTLY THE APPELLATE'S NOT APART OF THE CHROMOSOME SIXTH IF THE RESPONDENT
AND THE UTAH SUPREME COURT DID NOT BELIEVE THE STATEMENT WHICH THE APPELLATE
HAS PLEDADGE TO LET THE RESPONDENT AND SUPREME COURT TO FEEL FREE TO HAVE
THEM CONTACT ANY DOCTOR WHOM MAY HAVE SATISFY ON THE LINOS AND
THIS PROTECTIVE MUST END EVEN IF THE RESPONDENT HAS NOT INDICATE THAT THE
PROTECTION FOR ALL UNITED STATES WHICH THE CONSTITUTION HAS MENTION
SINCE THE DECLARATION OF INDEPENDENT OF THE UNITED STATES: THE DOCUMENTS
HAS INDICATE ON JANUARY 21- 2011 ACCORDINGLY TO THE APPEAL COURT RECORD
THE CASE HAS DISMISS WITHOUT THE PACINATE THE TRIAL COURT RECORD
WHICH THE ESCAP GOAL AND ENDORSE BY STATE OR RESPONDENT BASSED ON THE
FOLLOW ISSUES THAT SAID THE APPELLATE HAS ATTEMPT TO CHALLENGE THE VALIDITY
OF HIS GUEILTY PLEA ON DIRECT APPEAL WHICH THE APPEAL COURT HAS HELD
THAT FAILURE TO FILE A TIMELY MOTION TO WITHDRAW HIS GUEILTY PLEA:
ONE THE APPELLATE DID NOT KNOW THE ENGLISH LANGUAGE ITSELF AND
THE STATE LAW WHICH THERE IS NOT LANGUAGE INTERPRETATION OR TRANSITION
WAS ISSUE TWO THE DISTRICT TRIAL JUDGE WAS AGAINST THE APPELLATE
AND THE DEFENSE COUNSEL HAS BEEN CONSIDER WORKING WITH THE PROSECUTED
ATTORNEY IN ORDER TO CONVICTED THE FOREIGNER WHICH THE TRIAL COURT
RECORD MAY EXPLANATORY: THIRD THE APPELLATE HAS NOT ALLOW TO AVOID THE
BURDEN OF THE PROVIDE THAT THE GUEILTY PLEA WAS NOT KNOWINGLY
ACCORD TO THE APPEAL COURT AND THE RESPONDENT AND VOLUNTARY ENTERED
THE QUESTION TO THE SUPREME COURT AND THE APPEAL COURT WHICH THE
APPELLATE HAS LANGUAGE BIARRIER WHAT IS THE MEANING OF NOT KNOWING
AND UNKNOWING WHAT IS THE DIFFERENCE OF THIS TWO WORD THE COURT
OF APPEAL MAY OR COULD CONSIDER WAS THE FACTOR REGARDLE THE DISTRICT
TRIAL COURT JUDGE HAS CONTRADICT HIMSELF MAY SAID THE PETITIONER HAS
NO RIGHT AGAINST THE STATE OF UTAH CITIZENS IT APPEAR THAT MAY MEANS
THAT NOT WELCOME TO UTAH WHICH APPARENTLY IT SOUND HAS AN MODERN
SLAVERY DAYS LAW WHICH HAVE BEEN MENTION ON MULTILY TIME
DURING THE PRELIMINARY HEARING WITH THE DISTRICT TRIAL COURT

COULD HAVE PLAN TO TAKEN THE CASE BACK TO THE APPEAL
COURT NOT ANY TIME HAS EXPECT THE SUPREME COURT ON
THEIR ANTICIPATE DECISION ALTHOROUGH IF THE APPELLATE HAS DISA-
GREE OR DISATISFY WITH THE SUPREME COURT DECISION THE FINAL
AGENDA FOR THE STATE OF UTAH AND RESPONDENT THE APPELLATE COULD
HAVE PETITION THE UNITED STATES SUPREME COURT LONG TIME AGO
BUT HE DON'T ON THE HAUNT UTAH SUPREME COURT MAY SEEM THE
DIFERENCE BETWEEN THE LAW: THE APPELLATE DID HAVE RECEIVE THE FOLLOW
LETTERHEAD TWO LETTER HAS DATED NOVEMBER 23 AND ANOTHER HAS DATED
26A OF NOVEMBER 2010 WHICH HAS STAMP BOTH NOVEMBER 26 AND
29 WHICH ASKING FOR DOCKET STATEMENT OTHER HAS ASK FOR THE
SUMMARY DISPOSITION ON THE BASIS THAT THE GROUNDS ARE
FOR APPEAL ARE SO INSUBSTANTIAL ACCORD TO THE APPEAL COURT
THEIR INTERPRETATION: ON MARCH 15-2011 THE APPELLATE HAS RECEIVE
OTHER LETTER WHICH THE PANDEMONIUM STATEMENT WAS DOCKET STATEMENT
WAS REVIEW ARE INSUBSTANTIAL PLEASE BE AWARE THAT THE
POSTCONVICTION RELIEF PETITION WAS DISMISS NOT CAUSE THERE
WAS NOT ENOUGH EVIDENCE TO SUPPORT THE APPEAL CAUSE
THE APPELLATE HAS REQUEST TO PAY THE TRANSPORTATION FEES BY
THE DISTRICT TRIAL JUDGE WHICH WAS ESCAP GOAL ON THE
PREVIOUS PETITION ANY ANTAGONISTIC AND PERCEPTION THE UTAH
SUPREME COURT MAY HAVE OR INITIATE NOT CAUSE THE APPELLATE'S
GROUNDS FOR WRIT CERTIORARI HAVE NO MERIT COULD BE BASSED
ON SUPREME COURT THEIR OPINION AND INTERPRETATION
THE FOLLOW PEOPLE HAS RECEIVE A COPY OF THIS FORECLOSUE
MATTER MR BRETT J DELPORTO 160 E 300 S PO BOX 140854 SLC
UTAH 84111-0854 RESPECTFUL SUBMIT DATE 3-28 2011